LMB/lmb

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. <u>00-6211-CR-HURLEY(s)</u>
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(d)(1)
21 U.S.C. § 841(d)(2)
21 U.S.C. § 846
21 U.S.C. § 853
18 U.S.C. § 2

UNITED STATES OF AMERICA )
                         )
              Plaintiff, )
                         )
v.                       )
                         )
THOMAS L. NAROG,         )
GHANDI JABER,            )
AHMAD ALMASRI,           )
NADIA ALMASRI,           )
SABER ABDELMUTI,         )
RAED NASER ALDIN,        )
NABIL AQUIL,             )
NIZAR FNEICHE,           )
MOTLAQ JABER,            )
TEREK ZAKI ABU-LAWI,     )
RABAH EL HADDAD,         )
ZUHAIR MAHUMUD RABEI,    )
and                      )
MOHAMMED SAMHAN,         )
                         )
              Defendants.)
_____)



## <u>SUPERSEDING INDICTMENT</u>

The Grand Jury charges that:

### <u>COUNT 1</u>

From in or about September 1999, the exact date being unknown

to the Grand Jury, to on or about July 29, 2000, in Broward County,

in the Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,
GHANDI JABER,
AHMAD ALMASRI,
NADIA ALMASRI,
SABER ABDELMUTI,
RAED NASER ALDIN
NABIL AQUIL,
NIZAR FNEICHE,
MOTLAQ JABER,
TEREK ZAKI ABU-LAWI,
RABAH EL HADDAD
ZUHAIR MAHUMUD RABEI,
and
MOHAMMED SAMHAN,

did knowingly and intentionally combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury, to possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2); all in violation of Title 21, United States Code, Section 846.

## COUNT 2

From in or about September 1999, the exact date being unknown to the Grand Jury, to on or about July 29, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,
RABAH EL HADDAD
and
MOHAMMED SAMHAN,

did knowingly and intentionally combine, conspire, confederate and

agree with each other and with persons known and unknown to the Grand Jury, to manufacture at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

## COUNT 3

From on or about January 6, 2000, through on or about January 15, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

THOMAS L. NAROG,

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code, Section 2.

## COUNT 4

From on or about January 28, 2000, through on or about February 20, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

THOMAS L. NAROG,

did knowingly and intentionally possess pseudoephedrine, a list I

chemical as defined in Title 21, United States Code, Section 802,
with intent to manufacture a controlled substance, that is,
methamphetamine, a Schedule II controlled substance, in violation
of Title 21, United States Code, Section 841(d)(1), and Title 18,
United States Code, Section 2.

### COUNT 5

On or about March 7, 2000, at Broward County, in the
Southern District of Florida, and elsewhere, the defendant,

THOMAS L. NAROG,

did knowingly and intentionally possess pseudoephedrine, a list I
chemical as defined in Title 21, United States Code, Section 802
with intent to manufacture a controlled substance, that is,
methamphetamine, a Schedule II controlled substance, in violation
of Title 21, United States Code, Section 841(d)(1), and Title 18,
United States Code, Section 2.

### COUNT 6

On or about March 27, 2000, at Broward County, in the
Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,
GHANDI JABER,
MOTLAQ JABER,
and
TEREK ZAKI ABU-LAWI,

did knowingly and intentionally possess and distribute
pseudoephedrine, a list I chemical as defined in Title 21, United
States Code, Section 802, knowing and having reasonable cause to

4

believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code, Section 2.

## COUNT 7

From on or about November 11, 1999, through on or about March 30, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,

did knowingly and intentionally possess pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, with intent to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(1), and Title 18, United States Code, Section 2.

## COUNT 8

On or about April 4, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,
GHANDI JABER,
and
MOTLAQ JABER,

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to

5

believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code, Section 2.

## COUNT 9

From on or about January 28, 2000, through on or about April 25, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

THOMAS L. NAROG,

did knowingly and intentionally possess pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, with intent to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(1), and Title 18, United States Code, Section 2.

## COUNT 10

On or about April 27, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,
GHANDI JABER,
AHMAD ALMASRI,
NADIA ALMASRI,
SABER ABDELMUTI,
and
ZUHAIR MAHUMUD RABEI,

did knowingly and intentionally possess and distribute

6

pseudoephedrine, a list I chemical as defined in Title 21, United

States Code, Section 802, knowing and having reasonable cause to

believe that the listed chemical would be used to manufacture a

controlled substance, that is, methamphetamine, a Schedule II

controlled substance,  in violation of Title 21, United States

Code, Section 841(d)(2), and Title 18, United States Code,

Section 2.

## COUNT 11

On or about June 1, 2000, at Broward County, in the

Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,
GHANDI JABER,
MOTLAQ JABER,
RAED NASER ALDIN,
NABIL AQUIL,
NIZAR FNEICHE,
RABAH EL HADDAD,
and
MOHAMMAD SAMHAN,

did knowingly and intentionally possess and distribute

pseudoephedrine, a list I chemical as defined in Title 21, United

States Code, Section 802, knowing and having reasonable cause to

believe that the listed chemical would be used to manufacture a

controlled substance, that is, methamphetamine, a Schedule II

controlled substance,  in violation of Title 21, United States

Code, Section 841(d)(2), and Title 18, United States Code,

Section 2.

## COUNT 12

On or about June 15, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,
RABAH EL HADDAD,
and
MOHAMMAD SAMHAN,

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance,  in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code, Section 2.

## COUNT 13

On or about June 20, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

THOMAS L. NAROG,

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code,

8

Section 2.

## COUNT 14

On or about July 21, 2000, until on or about July 29, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

> THOMAS L. NAROG,
> RABAH EL HADDAD,
> and
> MOHAMMAD SAMHAN,

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance,  in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code, Section 2.

**FORFEITURE**
(21 U.S.C. §853)

As a result of the foregoing offenses listed in Counts 1

through 14 of the superseding indictment, the defendants,

THOMAS L. NAROG,
GHANDI JABER,
AHMAD ALMASRI,
NADIA ALMASRI,
SABER ABDELMUTI,
RAED NASER ALDIN,
NABIL AQUIL,
NIZAR FNEICHE,
MOTLAQ JABER,
TEREK ZAKI ABU-LAWI,
RABAH EL HADDAD,
ZUHAIR MAHUMUD RABEI,
and
MOHAMMED SAMHAN,

shall forfeit to the United States, any and all property used or

intended to be used in any manner or part to commit and to

facilitate the commission of the foregoing offenses; and any and

all property constituting and derived from proceeds the defendant

obtained directly or indirectly, as a result of such violations,

including, but not limited to:

1. the single family residence located at
8 Castle Harbor Isle, Fort Lauderdale, Florida;

2. one 1996 White Mercedes four-door automobile;

3. 118 boxes, containing 144 bottles per box, of 60mg, 60
count "Tru-Choice Maximum" pseudoephedrine pills, and
31 boxes of loose 60 mg "Tru-Choice Maximum"
pseudoephedrine pills packaged in clear ziplock
baggies;

4. 875 boxes, containing 48 bottles per box, of 60 mg, 60
count "Tru-Choice Maximum" pseudoephedrine pills;

10

pursuant to Title 21, United States Code, Sections 841(a)(1), 846, and 853.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

1.   cannot be located upon the exercise of due diligence;

2.   has been transferred or sold to, or deposited with, a third person;

3.   has been placed beyond the jurisdiction of the Court;

4.   has been substantially diminished in value; or

5.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United State Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property, pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

THOMAS L. NAROG, ET AL.
_____

CASE NO.  00-6211-CR-HURLEY(s)  _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information**:

**Court Division**: (Select One)

New Defendant(s)          Yes ____   No __X__
Number of New Defendants          __0__
    Total number of counts          __14__

____ Miami   ____ Key West
__X__ FTL   ____ WPB ____ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:      (Yes or No) ____YES_____
    List language and/or dialect ____ARABIC AND HEBREW_____

4.  This case will take __15__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                    (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | __X__ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | __X__ |
| V | 61 days and over | _____ | | |

6.  Has this case been previously filed in this District Court?  (Yes or No)  __NO__
If yes:
Judge: _____   Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter?  (Yes or No) ___NO_____
If yes:
Magistrate Case No.  _00-4187-BSS, 00-4188-BSS, and 00-4189-BSS_____
Related Miscellaneous numbers:  _SEARCH WARRANT'S 00-4729-BSS and 00-4730-BSS_
Defendant(s) in federal custody as of _NAROG, JABER, A. ALMASRI, N. ALMASRI, AQUIL_
    _FNEICHE, EL HADDAD, SAMHAN ON 7/29/00_
Defendant(s) in state custody as of _____
Rule 20 from the _____   District of _____

Is this a potential death penalty case? (Yes or No) _____NO_____

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No  If yes, was it pending in the Central Region? __ Yes ___ No

8.  Did this case originate in the Narcotics Section, Miami? ___ Yes __X__ No

    _(signature)_____
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 712450

*Penalty Sheet(s) attached

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

Defendant Name:   THOMAS NAROG____      Case No.: 00-6211-CR-HURLEY(s)

Count #: 1

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a____

controlled substance (methamphetamine); in violation of 21 U.S.C. 846 and 841 (d)(2).

*Max. Penalty:   20 years' imprisonment; $250,000 fine; 10 year injunction_____

Count #: 2

Conspiracy to Manufacture Methamphetamine; in violation of 21 U.S.C. 846 and_____

841(a)(1)

* Max. Penalty: Life; $4,000,000 fine; mandatory minimum 10 years_____

Counts #: 3,6,8,10,11,12,13 and 14

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine); in violation of 21 U.S.C. 841(d)(2)_____

*Max. Penalty: 20 Years; $250,000 fine; 10 year injunction_____

Count #: 4,5,7, and 9

Possession of a listed chemical with intent to manufacture a controlled substance_____

(methamphetamine); in violation of 21 U.S.C. 841(d)(1)_____

*Max. Penalty: 20 years; $250,000 fine; 10 year injunction_____

**\*Refers only to possible term of incarceration, does not include possible fines restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant Name:  MOHAMMED SAMHAN            Case No.: 00-6211-CR-HURLEY(s)

Count #: 1

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a

controlled substance (methamphetamine); in violation of 21 U.S.C. 846 and 841 (d)(2).

*Max. Penalty:    20 years' imprisonment; $250,000 fine; 10 year injunction

Count #: 2

Conspiracy to Manufacture Methamphetamine; in violation of 21 U.S.C. 846 and

841(a)(1)

* Max. Penalty: Life; $4,000,000 fine; mandatory minimum 10 years

Counts #: 11,12, and 14

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine); in violation of 21 U.S.C. 841(d)(2)

*Max. Penalty: 20 Years; $250,000 fine; 10 year injunction

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines
restitution, special assessments, parole terms, or forfeitures that may be
applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:  GHANDI JABER         No.: 00-6211-CR-HURLEY(s)

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a
controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841 (d)(2).

*Max Penalty:    20 years' imprisonment; $250,000 fine

Counts # 6,8,10 and 11 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled
substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

*Max Penalty:    20 years' imprisonment; $250,000 fine

Count # :

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:  AHMAD ALMASRI          No.: 00-6211-CR-HURLEY(s)

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a
controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

*Max Penalty:     20 years' imprisonment; $ 250,000 fine

Count # 10 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled
substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

*Max Penalty:     20 years' imprisonment; $ 250,000 fine

Count # :

*Max Penalty:

Count # :

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# <u>PENALTY SHEET</u>

Defendant's Name:  <u>NADIA ALMASRI</u>        No.: <u>00-6211-CR-HURLEY(s)</u>

Count # 1:

<u>Conspiracy to possess a listed chemical knowing it will be used for manufacturing a</u>
<u>controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).</u>

<u>*Max Penalty:    20 years' imprisonment; $ 250,000 fine</u>

Count # 10:

<u>Possession of a listed chemical knowing it will be used for manufacturing a controlled</u>
<u>substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).</u>

<u>*Max Penalty:    20 years' imprisonment; $ 250,000 fine</u>

Count # :

<u>*Max Penalty:</u>

Count # :

<u>*Max Penalty:</u>

**\*Refers only to possible term of incarceration, does not include possible fines,**
**restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:  SABER ABDELMUTI____        No.: 00-6211-CR-HURLEY(s)____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a____
controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

*Max Penalty:    20 years' imprisonment; $250,000 fine_____

Count # 10 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled__
substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2)._____

*Max Penalty:    20 years' imprisonment; $250,000 fine_____

Count # :

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:  RAED NASER ALDIN      No.: 00-6211-CR-HURLEY(s)

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a

controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

\*Max Penalty:     20 years' imprisonment; $250,000 fine

Count # 11 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

\*Max Penalty:    20 years' imprisonment; $250,000 fine

Count # :

\*Max Penalty:

Count # :

\*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:  NABIL AQUIL          No.: 00-6211-CR-HURLEY(s)

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a
controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

*Max Penalty:     20 years' imprisonment; $250,000 fine

Count # 11 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled
substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

*Max Penalty:     20 years' imprisonment; $250,000 fine

Count # :

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name:  NIZAR FNEICHE          No.: 00-6211-CR-HURLEY(s)

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a
controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

*Max Penalty:     20 years' imprisonment; $250,000 fine

Count # 11 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled
substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

*Max Penalty:     20 years' imprisonment; $250,000 fine

Count # :

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# <u>PENALTY SHEET</u>

Defendant's Name:  <u>MOTLAQ JABER</u>          No.: <u>00-6211-CR-HURLEY(s)</u>

Count # 1:

<u>Conspiracy to possess a listed chemical knowing it will be used for manufacturing a</u>

<u>controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).</u>

<u>*Max Penalty:     20 years' imprisonment; $250,000 fine</u>

Counts # 6, 8 and 11 :

<u>Possession of a listed chemical knowing it will be used for manufacturing a controlled</u>

<u>substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).</u>

<u>*Max Penalty:     20 years' imprisonment; $250,000 fine</u>

Count # :

<u>*Max Penalty:</u>

Count # :

<u>*Max Penalty:</u>

**\*Refers only to possible term of incarceration, does not include possible fines,**
**restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# <u>PENALTY SHEET</u>

Defendant's Name:  <u>TEREK ZAKI ABU-LAWI</u>         No.: <u> 00-6211-CR-HURLEY(s)</u>

Count # 1:

<u>Conspiracy to possess a listed chemical knowing it will be used for manufacturing a</u>
<u>controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).</u>

*Max Penalty:    20 years' imprisonment; $250,000 fine

Count # 6 :

<u>Possession of a listed chemical knowing it will be used for manufacturing a controlled</u>
<u>substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).</u>

*Max Penalty:    20 years' imprisonment; $250,000 fine

Count # :

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant Name:  RABAH EL-HADDAD          Case No.: 00-6211-CR-HURLEY(s)

Count #: 1

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a controlled substance (methamphetamine); in violation of 21 U.S.C. 846 and 841 (d)(2).

*Max. Penalty:   20 years' imprisonment; $250,000 fine; 10 year injunction

Count #: 2

Conspiracy to Manufacture Methamphetamine; in violation of 21 U.S.C. 846 and 841(a)(1)

* Max. Penalty: Life; $4,000,000 fine; mandatory minimum 10 years

Counts #: 11,12, and 14

Possession of a listed chemical knowing it will be used for manufacturing a controlled substance (methamphetamine); in violation of 21 U.S.C. 841(d)(2)

*Max. Penalty: 20 Years; $250,000 fine; 10 year injunction

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# <u>PENALTY SHEET</u>

Defendant's Name:  <u>ZUHAIR MAHUMUD RABEI</u>      No.:  <u>00-6211-CR-HURLEY(s)</u>

Count # 1:

<u>Conspiracy to possess a listed chemical knowing it will be used for manufacturing a</u>
<u>controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).</u>

<u>*Max Penalty:    20 years' imprisonment; $250,000 fine</u>

Count # 10 :

<u>Possession of a listed chemical knowing it will be used for manufacturing a controlled</u>
<u>substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).</u>

<u>*Max Penalty:    20 years' imprisonment; $250,000 fine</u>

Count # :

<u>*Max Penalty:</u>

Count # :

<u>*Max Penalty:</u>

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

FORM DBD-34
JUN 85.

No. 04484

# UNITED STATES DISTRICT COURT

Southern District of Florida
Central Criminal Division

## THE UNITED STATES OF AMERICA

vs.

THOMAS L. NAROG,
GHANDI JABER,
RABAH EL HADDAD,
MOHAMMED SAMHAN,
NABIL AQUIL,
NIZAR FNEICHE,
RAED NASER ALDIN,
MOTLAQ JABER,
TEREK ZAKI ABU-LAWI,
ZUHAIR MAHUMUD RABEI,
SABER ABDELMUTI,
AHMAD ALMASRI,
AND
NADIA ALMASRI

## INDICTMENT

21 USC §841(a)(1)
21 USC §841(b)(2)
21 USC § 846
21 USC §853
18 USC § 2

A true bill.

..........................................
Foreperson

Filed in open court this ..................... day,

of ..................... A.D. 19 .........

..........................................
Clerk

Bail, $ .....................

FL05484

FGJ 9.