UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 00-6211-CR-HURLEY |
| Plaintiff, | ) | |
| v. | ) | |
| THOMAS NAROG, GHANDI JABER, AHMAD ALMASRI, NADIA ALMASRI, MUTASEM AL-SALHI, SABER ABDELMUTI, RAED NASER ALDIN, NABIL AQUIL, NIZAR FNEICHE, MOTLAQ JABER, TERK ZAKI ABU-LAWI, RABAH EL HADDAD, ZUHAIR MAHUMUD RABBI, and MAHAMMED SAMHAN, | ) | |
| Defendants, | ) | |

## MOTION TO REMOVE
## THE INSTANT MATTER FROM
## THE OCTOBER TRIAL CALL

NOW COMES, NIZAR FNEICHE, one of the Defendants in the above captioned matter, by and through his attorney, THE LAW OFFICES OF TIM BIASIELLO, moving this Honorable Court for the entry of an order removing this cause from the October, 2001 trial call, and in furtherance thereof, he states as follows:

1. On September 11, 2001, America suffered an unprecedented attack at the very fabric of our society. Appropriately, our President has declared America's War on Terrorism. Our enemy is not readily identifiable. Our targets are unknown. The American public can only identify the enemy as shadowy figures with the perceived commonality of being of Arabic and Middle Eastern origin and descent, having associations with covert international, terrorist organizations.

1

2. Society's passions and prejudices have been heightened to extreme levels as a result of the savageness, and unprecedented nature of an attack on our soil by these unknown men of Arabic origin. These men have reportedly lived amongst us for the last several years, blending into our communities, and utilizing domestic and local resources in furtherance of their heinous objectives.

3. A right to a fair and impartial trial, free from the passions of prejudice and sympathy is fundamental to our legal system; it is mandated by the Sixth Amendment to the Constitution of the United States of America as well as the fundamental fairness considerations of the Fourteenth Amendment..

4. The extraordinary and unprecedented events commencing on September 11, 2001 have understandingly resulted in a pervasive, societal climate of fear, apprehension, and uncertainty. The Defendants respectfully suggest that these Defendants, all of whom fit the public's profile of America's enemy, cannot reasonably receive a fair trial should they be compelled to proceed to trial in October, 2001 so shortly following the occurrence of these disastrous events.

5. That these concerns are real is reflected in reports of some of the circumstances and events publicly disseminated by our government in the days immediately following the incident. They include: reports of Arab terrorists having trained and planned in South Florida; reports of surviving Arab terrorists living in South Florida, having assisted the suspected hijackers with money and other support; reports that 14 of the 19 identified hijackers lived in South Florida; reports of suspects living in a Boyton Beach motel; reports of the Arab terrorists having frequented local businesses and associations on a regular basis..

6. A United States Attorney has advised a United States District Court of the existence of a 'huge' Florida connection to the identified Arabic participants. Federal investigators have conducted unprecedented, sweeping, local investigations into the activities of Arabic men suspected of an association with the terrorist organizations and their activities.

7. That America's passions and fears have been inflamed is evidenced by the numerous, recent reports of unprovoked, violent attacks upon Muslim Mosques, Arab owned businesses, and

Arabic looking individuals throughout the country.

8. In the days following the tragic events of September 11, 2001, our government has warned the American people of the need to be alert for possible additional attacks. Presently, the American public's basic survival instincts are at a heightened state of alert. It is our belief and hope that our government will promptly take sweeping and appropriate retaliatory action. It is reasonable to believe that upon the occurrence of this seemingly inevitable action, our government will advise that we brace for a likely inevitable counter strike.

9. Notwithstanding the declared resoluteness of society, a denial of the existence of this pervasive and insidious apprehension of fear would be disingenuous. An October, 2001 jury pool will inevitably include an array of fine, patriotic American citizens. The Defendants respectfully suggest that each is likely to be consciously, or unconsciously, affected by such apprehension, as well as a desire for retaliation in some form or another.

10. Under such circumstances, the specter of a joint trial of multiple defendants, all of apparent Arabic descent, origin, and appearance, each bearing a strikingly Arabic name, some of whom are apparently only comfortable in the Arabic language, is most disturbing.

11. It is this Defendant's belief that, at trial, the government will contend that significant profits had allegedly been generated by certain of the Defendants standing trial in the instant matter. This Defendant respectfully asserts that should any of these Defendants fail to affirmatively demonstrate the ultimate end use of these purported funds, the highly sensitized jurors are likely to assume some association with the financing of some covert Arabic terrorist organization. Essentially, the circumstances will insidiously impose an unconstitutional burden of proof on the Defendants to disprove such inference.

12. While the Defendants understand and appreciate the safeguards available through careful voir dire, and they anticipate this Honorable Court's utilization of its inherent power to issue cautionary instructions, they respectfully assert that for all of the above stated reasons, the interests

of justice dictate that the trial of the instant cause be removed from the October trial call, and rescheduled to a date in the reasonable future.

WHEREFORE, the Defendant prays that, in the interests of justice and fundamental fairness, this Honorable Court enter an order removing the trial of this cause from the October trial call, and reschedule this matter for trial on a future date certain, and for such other relief as may be right and just.

Respectfully submitted,

TIMOTHY BIASIELLO
Attorney for Nizar Fneiche
33 North Dearborn Street
Suite 1015
Chicago, Illinois 60602
312-853-0343
312-853-0507 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to Assistant United States Attorney, THOMAS O'MALLEY, 500 East Broward Blvd. 7th Floor, Fort Lauderdale, FL 33394-3092 and all Counsel listed on the attached Service List, by MAIL DELIVERY this____day of September, 2001

TIMOTHY BIASIELLO, ESQ.

LAW OFFICES OF TIM BIASIELLO
Attorney for Defendant NIZAR FNEICHE
33 North Dearborn Street
Suite 1015
Chicago, Illinois 60602
312-853-0343
312-853-0507 fax

## SERVICE LIST

Fred Haddad
HADDAD & HESTER, P.A.
One Financial Plaza
Suite 2612
Fort Lauderdale, FL 33394

Richard Hammar, Esq.
2437 Briarcrest Road
Beverly Hills, CA 90210

John R. Howes, Esq.
633 S.E.3rd Avenue
Fort Lauderdale, FL 33301

Theodore Weeks, Esq.
One Lake Morton Drive
P.O. Box 3
Lakeland, FL 33802

Paul Goodman, Esq.
33 North Dearborn Street
Chicago, Illinois 60602

Glenn Seiden, Esq.
33 North Dearborn Street
Chicago, Illinois 60602

Randee Golder, Esq.
P.O. 3756
Boynton Beach, FL 33424-3756

Charles White, Esq.
2900 Bridgeport Avenue
Suite 401
Coconut Grove, FL 33133-3606

Richard Docobo, Esq.
1571 N.W. 13th Court
Miami, FL 33125