IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6211-CR HURLEY/VITUNAC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NIZAR FNEICHE, | ) |
| | ) |
| Defendant, | ) |

NIGHT BOX FILED

JUN 03 2'

CLERK, USDC / SDFL /

### DEFENDANT FNEICHE'S MOTION FOR DOWNWARD DEPARTURE PURSUANT TO SECTION 5K2.20 OF THE USSG

NOW COMES the Defendant NIZAR FNEICHE by and through his attorney, THE LAW OFFICES OF TIM BIASIELLO, moving this Honorable Court for the entry of an order of downward departure pursuant to Section 5K2.20 of the United States Sentencing Guidelines, and in support thereof, he states as follows:

### THE DEFENDANT SHOULD RECEIVE A DOWNWARD DEPARTURE BASED UPON "ABERRANT BEHAVIOR"

Section 5K2.20 of the Sentencing Guidelines provides a basis for the awarding of a downward departure upon a determination that the defendant's conduct underlying the offense was "aberrant behavior." The availability of this basis for downward departure is well recognized. *United States v. Withrow*, 85 F.3d 527 (11th Cir.1996); *United States v. Bush*, 126 F.3d 1298 (11th Cir.1996)



Aberrant behavior is defined as behavior which is a single criminal occurrence or single criminal transaction which was committed (1) without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life. *See Withrow,* 85 F.3d 527.

The defendant suggests that a consideration of the evidence places him squarely within the intended scope of this guideline, and the *Withrow* standard.

The trial evidence indicates that Fneiche never had any role in the management, control, or direction of any of the activities associated with the offense to which he stands charged. The evidence is clear that Fneiche was present in South Florida for several days only. He had never been observed prior to the weekend of June 1, 2000 through June 5, 2000, and he was never subsequently observed. The trial evidence is void of any involvement of the defendant with the criminality in any manner, at any time, other than the activities associated with his presence at the townhome that fateful weekend. While present in South Florida, agent surveillance, as well as other trial evidence, indicated that Fneiche was engaged in numerous, normal social activities, which were unrelated to acts associated with the offense to which he stands convicted.

The defendant respectfully suggests that the trial evidence indicates that the defendant's criminal acts were spontaneous, and incidental to his presence, and involvement in otherwise legitimate activities in South Florida that weekend in June of 2000.

That the conduct represented a marked deviation from an otherwise law-abiding life is clear from the personal history presented in the Presentence Investigative Report. The defendant has no prior criminal history, and there is no allegation of his involvement

in any other relevant criminal conduct. He is, and has been always has been, a giving, caring, and sharing member of a close, personal, and supportive family. His record indicates that he has always been a viable member of society, consistently engaged in gainful employment, and having consistently demonstrated a desire to advance himself as manifested by his pursuit of insurance licensure, and real estate licensure.

His involvement in the criminal conduct for which he stands convicted is truly an aberration.

Wherefore, the defendant makes the above noted objections to the Presentence Investigative Report, and requests that the recommendations be adjusted, and factual assertions be adjusted to accommodate same.

Respectfully submitted,

Attorney for Defendant

LAW OFFICES OF TIM BIASIELLO
Attorney for Defendant NIZAR FNEICHE
20 North Clark Street
Suite 1200
Chicago, Illinois 60602
312-853-0343